# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

Civil Action No. __3:20-cv-01446__

GAROLD L. WOOD, individually, and on behalf of all others similarly situated,

    Plaintiff,

v.

CMRE FINANCIAL SERVICES,

    Defendant,

_____/

## CLASS ACTION COMPLAINT

**NOW COMES** GAROLD L. WOOD, individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of Defendant CMRE FINANCIAL SERVICES, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act ("CCPA"), Fla. Stat. §559.55 *et. seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et. seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

1

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

7. GAROLD L. WOOD ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Jacksonville, Florida.

8. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a "person" as defined by 47 US.C. § 153(39).

10. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

11. CMRE FINANCIAL SERVICES ("Defendant") maintains its principal place of business at 3075 East Imperial Highway, #200, Brea, California 92821.

12. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of 's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

13. Defendant is a "person" as defined by 47 U.S.C. 153(39).

14. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

15. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9786.

16. At all times relevant, Plaintiff's number ending in 9786 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

17. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

18. On or around November 2019, Plaintiff incurred a medical debt from a hospital stay ("subject debt").

19. The subject debt is a debt as defined by 15 U.S.C. § 1692a(5) as it stemmed from a hospital stay.

20. The subject debt is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

21. Unfortunately, due to unforeseen financial difficulties, Plaintiff was unable to pay the subject debt and it was turned over for collection.

22. On or around late December of 2019, Plaintiff started receiving calls from Defendant in an attempt to collect on the subject debt.

23. During one of the first phones call in December 2019, Plaintiff requested that Defendant stop calling regarding the subject debt.

24. Unfortunately, Defendant continued to place phone calls to Plaintiff.

25. When Plaintiff would answer subsequent collection calls, he would hear an automated message stating "Is this Garold? If this is Garold, please call us back at 800-783-9118."

26. On at least ten separate occasions, Plaintiff has spoken with Defendant and requested that they stop calling him.

27. In the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails on Plaintiff's cellular telephone.

28. Despite Plaintiff's requests that the collection calls cease, Defendant continued its collection calls, including pre-recorded calls from the phone number, including but not limited to, (904) 289-4526.

29. On some days, Plaintiff has received between four (4) to five (5) unwanted and unconsented to collection phone calls in one day.

30. Upon information and belief, Defendant has placed no less than 100 phone calls to Plaintiff since he requested that the phone calls cease.

31. Further frustrating Plaintiff is that at no point has Plaintiff received any written communication from Defendant regarding the subject debt.

32. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

## DAMAGES

33. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

34. Defendant's incessant collection calls have invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

35. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular telephone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular telephone while his phone was ringing.

36. As a result of Defendant's illegal collection practices Plaintiff was deprived of his statutorily guaranteed FDCPA rights.

37. Plaintiff was deprived of material information regarding the subject debt which did not allow him to make a full and complete assessment of Defendant's collection activity.

38. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLASS ALLEGATIONS

39. Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

40. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without his/her consent; (5) within the four years preceding the date of this complaint through the date of class certification.

41. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for

exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A. Numerosity

42. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

43. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

44. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

45. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

46. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

47. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

48. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

49. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

50. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

51. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

52. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

53. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

54. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

55. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**
**(On behalf of Plaintiff and the Members of the TCPA Class)**

56. Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. Defendant placed or caused to be placed at least 100 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

58. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

59. AS pled above, Defendant used a pre-recorded message that played during phone calls that Plaintiff answered or upon the call reaching Plaintiff's voicemail.

60. As defendant used an artificial or prerecorded voice, Defendant used an ATDS to place calls to Plaintiff's cellular phone number.

61. As pled above, Plaintiff revoked consent to be called on his cellular phone during phone calls with Defendant.

62. As pled above, Plaintiff was harmed by Defendant's incessant collection calls to his cellular phone.

63. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

64. Upon information and belief, Defendant does not maintain adequate policies and procedures that would enable it to effectively process and honor the requests of consumers that the collection calls cease.

65. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii), Plaintiff is entitled to receive $500.00 in damages for each violation.

66. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff GAROLD L. WOOD, on behalf of himself and the members of the Putative Class, requests the following relief:

...
...

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further violating calls to consumers;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## COUNT II:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)
### (On behalf of Plaintiff only)

67. Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violations of FDCPA § 1692c

68. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

69. As set forth above, Plaintiff requested that Defendant cease its collection calls to his cellular phone.

70. Despite being notified that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing phone calls, which were clearly inconvenient to Plaintiff.

9

71. Defendant violated § 1692c(a)(1) by placing at least 100 collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

72. In other words, since Plaintiff did not want any calls from Defendant, any call placed after the cease request was known by Defendant to be an inconvenient time for Plaintiff.

    a. **Violations of FDCPA §1692d**

73. Paragraphs 15 through 37 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

74. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

75. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

76. Defendant violated §§ 1692d and d(5) when it placed at least 100 collection calls after Plaintiff requested that the phone calls cease in an attempt to collect the subject debt.

77. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

78. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

    b. **Violations of FDCPA § 1692g**

79. Pursuant to § 1692g of the FDCPA, a debt collector must send the consumer a 30-day validation notice informing the consumer of the right to dispute the validity of the debt within five days of the initial communication with the consumer.

80. Defendant violated § 1692g by failing to send Plaintiff the 30-day validation notice within five days of Defendant's first communication with Plaintiff in December 2019.

**WHEREFORE,** Plaintiff, GAROLD L. WOOD, requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III

### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)
### (On behalf of Plaintiff only)

81. Paragraphs 15 through 38 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

#### a. Violation(s) of Fla. Stat. § 559.72(7)

82. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

83. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc*., 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

84. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: December 23, 2020                    Respectfully submitted,

**GAROLD L. WOOD**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com